# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>GLORIA BLANCAS DE HERNANDEZ,<br><br>         Defendant. | Case No. 17cr2110-MMA<br>*Related Case No. 19cv1158-MMA*<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE AND CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 62] |

On February 15, 2018, Defendant Gloria Blancas de Hernandez was charged in a single-count Superseding Information with importing methamphetamine, in violation of Title 21, United States Code, section 952 and 960. *See* Doc. No. 30. Defendant pleaded guilty as charged, and was sentenced to a mandatory minimum custodial term of sixty months. *See* Doc. Nos. 34, 53. Defendant now moves to vacate her conviction and correct her sentence pursuant to Title 28, section 2255, arguing that she received ineffective assistance of counsel and an overly-harsh sentence as a first-time offender. *See* Doc. No. 62. For the reasons set forth below, the Court summarily **DISMISSES** Defendant's motion.

## DISCUSSION

Section 2255 provides that if a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief" the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." Rule 4 of the Rules Governing Section 2255 Proceedings. Thus, when a movant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

Defendant's motion is subject to summary dismissal.[1] Defendant claims that her attorney provided ineffective assistance by failing to "negotiate" with the prosecutor for a lower sentence.[2] However, the prosecution does not determine the sentence – the Court does so. To this end, defense counsel submitted a detailed memorandum on his client's behalf for the Court's review prior to sentencing. *See* Doc. No. 49. Counsel advocated for the lowest possible custodial term in this case, the applicable statutory mandatory minimum of sixty months. Ultimately, defense counsel's efforts were successful, not ineffective, and Defendant has not shown "that counsel's assistance was not within the

---

[1] The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the record. *See Blackledge v. Allison*, 431 U.S. 63, 76 (1977); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998) (noting that a "district court has discretion to deny an evidentiary hearing on a Section 2255 claim where the files and records conclusively show that the movant is not entitled to relief"). Here, a review of the record conclusively establishes that Defendant is not entitled to relief. Therefore, an evidentiary hearing is neither warranted nor required.

[2] The Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).

range of competence demanded of counsel in criminal cases." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

Defendant also claims that she did not understand the charge against her, the "point system," i.e., the Sentencing Guidelines, or the consequences of her guilty plea. Doc. No. 62 at 5.[3] These conclusory allegations are belied by the record which reflects her initials on each page of the written plea agreement and her signature at the end of the document signifying her understanding of its terms. *See* Doc. No. 34. The plea agreement explains the elements of the charge, the factual basis of the plea, the application of the Sentencing Guidelines, and the immigration consequences she now faces as a result of her felony conviction. *Id*. In addition, Defendant stated under oath on the record before a magistrate judge that she understood the nature of her plea and wished to plead guilty to the charge. *See* Doc. No. 36; *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.").

Defendant argues that the sentence imposed by the Court is too harsh for a first-time felony offender who received a downward adjustment based on her minor role. As noted above, Defendant pleaded guilty to importing methamphetamine in violation of Title 21, sections 952 and 960. *See* Doc. No. 34. Section 960 sets forth the range of penalties for violating section 952, which includes a five-year mandatory minimum term of imprisonment for an individual in Defendant's position. *See* 21 U.S.C. § 960(b)(2)(H). The Ninth Circuit has made clear that a "district court must impose a mandatory minimum sentence even if doing so 'makes it impossible for the judge to impose a total sentence that the court considers reasonable.'" *United States v. Thomas*, 843 F.3d 1199, 1205-06 (9th Cir. 2016) (quoting *United States v. Washington*, 462 F.3d 1124, 1140 (9th Cir. 2006). This Court lacked the authority to impose a lower custodial term in this case.

---

[3] Citations to electronically-filed documents refer to the pagination assigned by the CM/ECF system.

Finally, Defendant asserts that she "did a perfect 18 months on pretrial supervision" and requests that the Court credit this time and reduce her custodial term accordingly. Doc. No. 62 at 5. However, a defendant may receive credit only for time "spent in *official detention* prior to the date the sentence commences." 18 U.S.C. § 3585(b) (emphasis added). Moreover, the Court does not have the authority to reduce a term of imprisonment post-judgment absent specific circumstances, none of which are applicable here. *See* 18 U.S.C. § 3582(c).

## CONCLUSION

Based on the foregoing, the Court summarily **DISMISSES** Defendant's motion. The Court **DECLINES** to issue a Certificate of Appealability because Defendant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Clerk of Court is instructed to enter judgment accordingly in the related civil case.

**IT IS SO ORDERED**.

DATE: July 5, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge