# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>GLORIA BLANCAS DE HERNANDEZ,<br><br>        Defendant. | Case No. 17cr2110-MMA<br><br>**MEMORANDUM DECISION RE: DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. Nos. 69, 75] |

On February 15, 2018, Defendant Gloria Blancas de Hernandez was charged in a single-count Superseding Information with importing methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. *See* Doc. No. 30. Defendant pleaded guilty and was sentenced to a mandatory minimum custodial term of sixty (60) months. *See* Doc. Nos. 34, 53. Defendant is currently serving her custodial term at Federal Correctional Institution Dublin in Alameda County, California; according to the Bureau of Prisons, Defendant's anticipated release date is March 19, 2023.[1] Defendant, proceeding through counsel, now moves the Court for early compassionate release and a corresponding reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 6/2/2021).

1

Step Act of 2018.  *See* Doc. Nos. 69, 75.  The government has filed a response in opposition, to which Defendant replied.  *See* Doc. Nos. 80, 84.  The Court finds the matter suitable for disposition on the current record and without a hearing.  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## DISCUSSION

Defendant seeks early compassionate release and a corresponding reduction of sentence on three primary grounds.  First, Defendant argues that under current law she would have been eligible for relief from the statutorily mandated minimum sentence she received in this case.  Second, Defendant contends that her health has deteriorated since becoming infected with the novel coronavirus disease, COVID-19, while in custody and she now suffers from debilitating migraine headaches.  Third, Defendant asserts that her aging and infirm mother is unable to adequately care for Defendant's minor child.

The government opposes Defendant's motion, arguing that Defendant has not demonstrated that "extraordinary and compelling" reasons warrant a reduced custodial term.

### 1. Relevant Law

In 1984, Congress authorized compassionate release from prison under the criteria set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act. Under its original terms, only the Director of the Bureau of Prisons was authorized to file a motion for compassionate release pursuant to section 3582(c)(1)(A).  The First Step Act went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 603(b) of the First Step Act modified section 3582(c)(1)(A), which now provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (key modification emphasized).

Many years prior to this modification, the United States Sentencing Commission published a policy statement addressing the standards for compassionate release. *See* U.S.S.G. § 1B1.13. The Commission reiterated that a court may reduce a term of imprisonment under § 3582(c)(1)(A) if "extraordinary and compelling reasons warrant the reduction" and "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id*. The Application Notes to Section 1B1.13 specify certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including, as relevant here, "Family Circumstances" such as "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." *Id*., App. Note 1(C)(i). The Commission also directed courts to determine that "the defendant is not a danger to the safety of any other person or to the community," before reducing a term of imprisonment under § 3582(c)(1)(A). *Id*.

However, as the Ninth Circuit recently explained, section 1B1.13 "is not an 'applicable policy statement[]' for 18 U.S.C. § 3582(c)(1)(A) motions *filed by a defendant*." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (emphasis added); *accord United States v. Elias,* No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021); *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281-21 (4th Cir. 2020). Rather, the "Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a

district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

## 2. *Analysis*

As a threshold matter, the Court finds that Defendant has exhausted her administrative remedies. Defendant first presented her request for early release to the warden of the facility on February 4, 2021. *See* Def. Ex. H. More than thirty (30) days have elapsed, and Defendant has not received a response from the warden of the institution where she is currently housed. Accordingly, she has exhausted her administrative remedies and the Court will consider her motion on its merits.

### a) Extraordinary and Compelling Reasons

Defendant sets forth several grounds which she argues constitute "extraordinary and compelling reasons" in support of her request for early compassionate release and a corresponding reduction in sentence.

Defendant argues that the hardship she has experienced during incarceration due to the spread of the novel coronavirus, COVID-19, throughout the facility where he is housed and the lingering deleterious effects of her infection several months ago with COVID-19 on her health, constitutes a compelling reason for early compassionate release. According to Defendant, the bureaucratic protocols necessitated by the pandemic created grueling conditions of confinement. She then suffered even more significantly after falling ill with the virus and she continues to experience migraine headaches as a result of being infected.

Although Defendant has undoubtedly endured difficult circumstances, the Court notes that Defendant has since been inoculated against COVID-19. *See* Doc. No. 83 (SEALED Gov't Ex A). And while migraine headaches may be considered a serious health condition, *see* 29 C.F.R. § 825.113(d), their onset in an otherwise healthy middle-aged woman does not constitute an extraordinary or compelling reason supporting early release and a corresponding reduction in sentence.

Defendant argues next that under current law she would have been eligible for relief from the statutorily mandated minimum custodial term she received in this case. Defendant essentially argues that the time she has served to date – approximately 30 months – more closely resembles "a sentence sufficient, but not greater than necessary, to comply with . . . the need for the sentence imposed" than the 60-month term to which she was sentenced. 18 U.S.C. § 3553(a)(2). The Court agrees and considers this a compelling reason supporting Defendant's early release.

Among other things, the First Step Act expanded eligibility for safety valve relief from mandatory minimum sentences pursuant to 18 U.S.C. § 3553(f). The Court entered judgment against Defendant on August 27, 2018. Pursuant to the Sentencing Guidelines, Defendant's two previous state convictions for driving under the influence resulted in three criminal history points.[2] Thus, at the time, Defendant was not eligible for relief from the statutory mandatory minimum sentence. Several months later, section 402 of the First Step Act changed the "safety valve" to make relief available to people with no more than 4 total criminal history points, no prior 3-point sentences, and no prior 2-point "violent" offense. *See id*. § 3553(f)(1), as amended by § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018). In addition, prior convictions resulting in sentences of less than 60 days no longer add points to a defendant's criminal history score. As such, Defendant would have been eligible for safety valve relief if she had been sentenced after the passage of the First Step Act.[3] In turn, application of the safety valve in this case would have resulted in a custodial term below the mandatory minimum term.

---

[2] As explained by United States Probation, "[D]efendant committed the instant offense while under a criminal justice sentence; therefore, two points are added." Doc. No. 38 ¶ 41 (citing USSG §4A1.1(d)).

[3] Defendant's second conviction resulted in a sentence of 96 hours and probation and therefore, at the time of sentencing, added one point to her criminal history score. After passage of the First Step Act, that would no longer be the case and a defendant with an identical criminal history would qualify for safety valve relief.

Nevertheless, as this Court recently noted, "Congress did not make section 402 of the First Step Act retroactive." *United States v. Rosas*, No. 17CR3431-MMA-4, 2020 WL 7226438, at *3 (S.D. Cal. Dec. 8, 2020). And the government points out that "never in the history of § 1B1.13 [of the Guidelines] has the Sentencing Commission regarded the length of an inmate's sentence as an 'extraordinary and compelling reason' for compassionate release." Doc. No. 80 at 12 (citing U.S.S.G. Appx. C, Amends. 683, 698, 746, 799, and 813). This may be so, but "since passage of the First Step Act, courts have taken lengthy sentences into consideration when determining whether compassionate release is appropriate pursuant to section 3582(c)(1)(A)." *Id*. at *4 (collecting cases). This case typifies the circumstances under which a court should consider the imposition of a statutorily required minimum custodial term to be an extraordinary and compelling reason for compassionate release.

Additionally, Defendant argues that the Court should consider her family's circumstances, to wit, the inability of her mother to adequately care for Defendant's minor child, to be an extraordinary and compelling reason for early release. Defendant has submitted medical records and declaratory testimony regarding her mother's poor health, language barrier, and limited mobility. *See, e.g.*, Doc. No. 79 (SEALED Def. Ex. L); Doc. No. 75-10 (Def. Ex. K); Doc. No. 85-1 (Def. Ex. M). Defendant asserts that together, these challenges have made it extremely difficult for Defendant's mother to provide the care and support a minor, school-aged child requires, much less during a global pandemic. As a result, Defendant contends that her child has suffered, and her mother's health has further deteriorated.

The Court has previously found that the functional incapacitation of a minor child's primary caregiver may constitute an extraordinary and compelling reason supporting a defendant's early release from custody. *See United States v. Lambert*, No. 17cr2226-MMA-2, Doc. No. 94 at 5. The Court finds similarly in this case.

Having considered all relevant factors, the Court concludes that extraordinary and compelling reasons warrant compassionate release and a corresponding reduction of Defendant's sentence.

b) <u>Danger to the Safety of Others</u>

The Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) provides:

> Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant's current offense, while a serious drug trafficking crime, did not involve violence. Moreover, Defendant has a minimal criminal history, she observed all required conditions and restrictions of pretrial release, and the record is devoid of any indication that Defendant might pose a danger to the safety of any other person. *See* U.S.S.G. § 1B1.13(2). And, importantly, any possible risk to the community will be significantly mitigated by the conditions of Defendant's four-year term of supervised release and the conditions of that release, including participation in substance abuse treatment.

### c) Sentencing Factors

The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a) provides:

> Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence[s] and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... [;]

> (5) any pertinent policy statement ... [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court acknowledges that Defendant's criminal conduct in this case was very serious. Nevertheless, Defendant has served approximately half of the custodial term imposed in this case – a significant amount by any definition. That period of incarceration reflects the seriousness of Defendant's drug offense and will serve to deter future criminal conduct. After consideration of all the factors set forth in section 3553(a), the Court finds that those factors weigh in favor of granting Defendant's requested reduction in sentence.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for early compassionate release and a corresponding reduction in sentence as set forth in the Order and Amended Judgment filed concurrently herewith. The Court **REDUCES** Defendant's custodial sentence to a **total term of time served**.

The Court imposes the following additional special condition of supervised release:[4]

> 5. Defendant must reside with an immediate family member, preferably her mother, in accordance with her proposed release plan. *See* Doc. No. 69 at 10. In the event such residence is no longer available or otherwise feasible, Defendant must notify her probation officer immediately and thereafter may only reside in a

---

[4] The Court has the authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," 18 U.S.C. § 3583(e)(2), and finds it appropriate to do so here without a hearing, as the additional condition is a modification suggested by Defendant as part of her release plan. *See* 18 U.S.C. § 3582(c)(1)(A); Fed. R. Crim. P. 32.1(c)(2).

location that is preapproved by Probation and authorized by the Court.

**IT IS SO ORDERED**.

DATE: June 4, 2021

_____
HON. MICHAEL M. ANELLO
United States District Judge